UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**RECEIVED**

MAR 09 2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Jerome J. Webbs
5506 South Wabash Ave., #1
Chicago, Illinois 60637
Plaintiff (Pro Se)

v.

Securitas Security Services USA, Inc.
Defendant

1:26-cv-02619
Judge LaShonda A. Hunt
Magistrate Judge Heather K. McShain
RANDOM CAT 2

Case No. 440-2024-12682

COMPLAINT FOR EMPLOYMENT DISCRIMINATION
(Jury Trial Demanded)

Plaintiff Jerome J. Webbs, proceeding pro se, brings this action against Defendant Securitas Security Services USA, Inc., and alleges as follows:

I. JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., which prohibits employment discrimination on the basis of race and other protected characteristics.
2. This Court has jurisdiction pursuant to 28 U.S.C. §1331 because this action arises under federal law.
3. Venue is proper in the Northern District of Illinois because the events giving rise to this claim occurred in Chicago, Illinois.
4. Plaintiff filed a timely Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC), Charge No. 440-2024-12682.
5. On January 29, 2026, the EEOC issued Plaintiff a Notice of Right to Sue.
6. Plaintiff files this action within ninety (90) days of receipt of the EEOC's Notice of Right to Sue.

II. PARTIES

7. Plaintiff Jerome J. Webbs is a resident of Chicago, Illinois.
8. Plaintiff has over seven (7) years of experience working in the private security industry.
9. Plaintiff holds a valid Illinois Permanent Employee Registration Card ("PERC"), issued by the State of Illinois, authorizing him to work legally as a security professional.
10. Defendant Securitas Security Services USA, Inc. is a corporation engaged in providing security services and does business in the State of Illinois.
11. At all relevant times, Defendant was an employer within the meaning of Title VII.

## III. FACTUAL ALLEGATIONS

12. Plaintiff applied for employment with Defendant for a security position in Chicago, Illinois.
13. Plaintiff was qualified for the position based on his experience and state-issued security license.
14. Plaintiff possesses a valid Illinois PERC card, demonstrating that the State of Illinois has authorized him to work in the security industry.
15. During the hiring process, Defendant informed Plaintiff that he could not be hired due to a prior misdemeanor on his background.
16. Plaintiff's record does not contain a felony conviction.
17. Despite Plaintiff being legally licensed by the State of Illinois to work as a security professional, Defendant denied Plaintiff employment.
18. Plaintiff believes Defendant failed to conduct a fair and individualized assessment of his background.
19. Plaintiff believes Defendant's hiring decision unlawfully discriminated against him and deprived him of employment opportunities.
20. As a result of Defendant's actions, Plaintiff suffered loss of employment opportunity, lost wages, and emotional distress.

## IV. CLAIM FOR RELIEF – EMPLOYMENT DISCRIMINATION

21. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.
22. Defendant refused to hire Plaintiff despite his qualifications and state security license.
23. Defendant's actions constitute unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964.
24. As a direct and proximate result of Defendant's actions, Plaintiff suffered damages including lost income, emotional distress, and other losses.

## V. DAMAGES

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Back pay and compensation for lost wages;

B. Compensatory damages for emotional distress and harm suffered;

C. Punitive damages as permitted by law;

D. Costs of this action; and

E. Any other relief the Court deems just and proper.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Jerome J. Webbs
Plaintiff (Pro Se)

Signature: JWEBBS  3/6/2026



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Chicago District Office**
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

### Issued On: 01/29/2026

**To:** Mr. Jerome J. Webbs
5506 South Wabash, #1
CHICAGO, IL 60637

**Charge No: 440-2024-12682**

EEOC Representative and email:   KIMBERLY ENGRAM, INVESTIGATOR
KIMBERLY.ENGRAM@EEOC.GOV

---

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge **440-2024-12682.**

On behalf of the Commission,

Digitally Signed By: Amrith Kaur Aakre
**01/29/2026**

Amrith Kaur Aakre, District Director

cc: Securitas Security Services USA, Inc.
c/o Jackeline Lara
EEO Investigator & Compliance Specialist

**Please retain this Notice for your records.**

Enclosure with EEOC Notice of Closure and Rights (05/25)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC
*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal. You should keep a record of the date you received EEOC's official notice of dismissal.** Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 440-2024-12682 to the District Director at Amrith Kaur Aakre, 230 S Dearborn Street , Chicago, IL 60604.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 440-2024-12682 to the District Director at Amrith Kaur Aakre, 230 S Dearborn Street , Chicago, IL 60604.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.